Carter Coal Company (Delaware) v. Commissioner.
Carter Coal Co. v. Commissioner
Docket No. 30000.
United States Tax Court
1951 Tax Ct. Memo LEXIS 103; 10 T.C.M. (CCH) 858; T.C.M. (RIA) 51268; September 12, 1951
*103 Roswell Magill, Esq., 15 Broad St., New York, N. Y., and Albert Rosenblum, Esq., for the petitioner. Conway N. Kitchen, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax of $27,470.98 for 1944 and one of $60,105.46 for 1945. The only issue for decision is whether there was a business purpose for a reorganization in 1944 so that the petitioner acquired the basis of another corporation for property sold in the taxable years. Findings of Fact The petitioner was incorporated in 1912 and dissolved in 1949, but its existence is continued for a period of three years to prosecute and defend suits. Its returns for the taxable years were filed with the collector of internal revenue for the third district of New York. The petitioner was organized by George L. Carter to engage in the coal business. It was authorized to engage also in the real estate business. Unaka Corporation was organized by Carter in 1905 to engage in the real estate business. Carter owned all of the stock of both corporations and caused substantially all of the real estate of Unaka to be conveyed to the petitioner in *104 1913. Thereafter, Unaka continued to exist but remained inactive. Carter sold his stock in the petitioner to Consolidated Coal Company in 1922. He had no interest in Consolidated. Consolidated did not want the real estate formerly held by Unaka and it was transferred back to Unaka as a part of the 1922 transaction. Unaka thereafter engaged in the real estate business. Carter purchased the voting stock of the petitioner in 1933 and the nonvoting stock in 1936. He died in December 1936 and his son and wife inherited from him the stock of the petitioner and the stock of Unaka. Unaka conveyed all of its assets to the petitioner in October 1944 in exchange for the preferred stock of the petitioner which was then distributed to the Unaka stockholders. Unaka then dissolved. James Walter Carter, his wife, and his mother owned all of the stock of the two corporations at the time of the reorganization. The transfer of the Unaka assets to the petitioner was part of a plan of the Carters to reduce the complexity of their holdings and to accomplish some economies in operating, accounting, and income reporting. The petitioner made sales in 1944 and 1945 of the real estate received from *105 Unaka. It claimed losses from those sales on its returns, using the Unaka basis and the Commissioner disallowed them. The stipulated facts and admitted allegations are incorporated herein by this reference. Opinion MURDOCK, Judge: The parties agree that the transfer in October 1944 was "within the literal wording of the definition of a 'reorganization' as contained in section 112 (g) (1) (C) and (D)" and that the petitioner is entitled to use Unaka's basis if there was a business purpose for the transfer. The question left is one of fact. The Commissioner points out that the sales of the real estate were resulting in losses to Unaka which did it no good taxwise since it had no income whereas the petitioner had large income from other sources which could be offset by the losses. He argues that the transfer had no purpose but to give the losses to the petitioner and the "reorganization" was a sham. The tax benefits are obvious and were no doubt intended. The Commissioner concedes, however, that tax savings do not prevent the transaction from passing the basis if there was any real business purpose for it. The evidence shows that there was a purpose other than the tax benefits. *106 The petitioner had formerly owned the real estate and had transferred it to Unaka only because new owners of the stock did not want it. The return of the real estate to the petitioner after the Carters reacquired ownership of the petitioner was natural enough. The petitioner had an organization which could handle the real estate. Two corporations owned by the same three persons were unnecessary. Operations, accounting, and income reporting were simplified by the change. The petitioner is entitled to deduct the agreed amount of the losses computed upon the Unaka basis. Decision will be entered under Rule 50.